IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE L. NORRIS,<br><br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>      Defendant.<br>_____/ | No. CIV S-06-1379-CMK<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 19).

/ / /

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

## I. BACKGROUND

Plaintiff applied for social security benefits on March 15, 2002.[2] In her application, plaintiff claims that disability began on February 14, 2000. Plaintiff claims her disability consists of a combination of: "cardiomegaly, T2 N1 infiltrating ductal breast carcinoma, right elbow gout, arthralgia left shoulder, arthritis, major depressive disorder and dysthymic disorder, anxiety, and nocturnia." Plaintiff claims these impairments result in pain and fatigue. Plaintiff is a United States citizen born August 8, 1952, with a high school education. The record indicates that plaintiff attended special education classes as a teenager.

Plaintiff's claim was initially denied. Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on May 18, 2005, before Administrative Law Judge ("ALJ") James M. Mitchell.

In his October 21, 2005, decision, the ALJ adopted findings from the prior decision and made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability;

2. The claimant's continued difficulties following treatment for breast cancer, including a modified radical mastectomy are considered "severe" based on the requirements in the Regulations . . . ;

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4;

4. The undersigned finds the claimant's allegations and those of her husband regarding her limitations are not totally credible for the reasons set forth in the body of the decision;

5. The claimant has the residual functional capacity to perform a full range of light work;

6. The claimant has no past relevant work;

7. The claimant is an individual closely approaching advanced age;

---

[2] Plaintiff filed a prior application for benefits on September 20, 2000. That application was denied in a decision dated October 23, 2001, by Administrative Law Judge Daniel G. Heely. It does not appear that plaintiff sought judicial review of that decision.

| | | |
|---|---|---|
| | 8. | The claimant has a high school . . . education; |
| | 9. | The claimant has the residual functional capacity to perform a full range of light work; |
| | 10. | Based on an exertional capacity for light work, and the claimant's age, education, and work experience, a findings of "not disabled" is directed by Medical-Vocational Rule 202.13; |
| | 11. | The evidence before the undersigned does not show significantly changed circumstances, other than the claimant's change in age categories, from the prior Administrative Law Judge's decision; |
| | 12. | The evidence before the undersigned is also not "new and material." |
| | 13. | All of the findings of the prior Administrative Law Judge's decision are being adopted other than the claimant's age category, which is not outcome determinative, as the claimant is also not disabled under Medical-Vocational Ruling 202.13; |
| | 14. | The presumption of nondisability from the Administrative Law Judge's decision dated October 23, 2001, continues; and |
| | 15. | The claimant was not under a disability as defined in the Social Security Act at any time through the date of the decision. |

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits. After the Appeals Council declined review on April 27, 2006, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In her motion for summary judgment, plaintiff argues: (1) the ALJ erred in adopting the findings from the prior decision because plaintiff's claim of mental impairment was new; (2) the ALJ improperly rejected the diagnoses of her treating physicians; and (3) the ALJ failed to credit her testimony concerning pain and functional limitations.

**A.    Administrative Res Judicata**

An unappealed denial of an application for disability benefits operates as res judicata as to the finding of non-disability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). The prior determination of non-disability also creates a presumption of continuing non-disability. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if there are changed circumstances. See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Thus, the presumption of continuing non-disability may be overcome by a showing of new facts establishing a previously unlitigated impairment. See Lester, 81 F.3d at 827-28; see also Gregory, 844 F.2d at 666. The attainment of advanced age after the prior decision also constitutes a changed

circumstance overcoming the presumption of continuing non-disability. See Chavez, 844 F.2d at 693.

As to the prior decision, the ALJ stated:

> There is a previous application for supplemental security income, which was denied following a hearing. The Administrative Law Judge's decision dated October 23, 2001, stands as the final decision of the Commissioner of Social Security. The principles of res judicata make binding the first Administrative Law Judge's determination as to residual functional capacity, whether the impairment is severe, and whether it meets the durational requirement or a listing, the physical or mental demands of the claimant's past relevant work, age, education, and work experience, including the skill level of the claimant's past relevant work. Absent new and material evidence or changes in legal requirements, the question of making a "subordinate" finding regarding credibility does not arise . . . . Res judicata is not applied rigidly in administrative proceedings. The presumption of continuing nondisability does not apply if there are changed circumstances including an increase in severity of the claimant's impairment, the existence of a new impairment, or if the claimant is in a new age category. Even if the claimant is able to rebut the presumption of continuing nondisability, res judicata requires the Administrative Law Judge to adopt the findings from the prior decision unless there is new and material evidence relating to the findings.
>
> Although the claimant has changed age categories since the prior decision, she would still be not disabled at the light level under Medical-Vocational Rule 202.13. Thus, the undersigned now looks to see if there is evidence of a changed circumstance of the claimant's medical condition.

The ALJ then concluded that plaintiff does not have a new impairment that is severe. Specifically, as to plaintiff's mental impairment, the ALJ stated:

> The claimant's allegation of depression is new. As set out below, the claimant has not required longitudinal treatment and her condition has minimal impact. She has only mentioned her depression in passing.

As to plaintiff's residual functional capacity, the ALJ stated:

> . . . [B]ecause new and material evidence has not been presented to demonstrate that the claimant has a more restricted range of functional limitations, the undersigned finds that the claimant retains the residual functional capacity to perform a full range of light work, as adopted from the prior ALJ decision.

/ / /

/ / /

5

Finally, in his ultimate findings, the ALJ stated:

> All of the findings of the prior Administrative Law Judge's decision are being adopted other than the claimant's age category, which is not outcome determinative . . . .

Plaintiff argues that the ALJ erred in adopting findings from the prior ALJ decision because she presented evidence of a new impairment. Specifically, she contends that she now suffers from major depression and anxiety and that these mental impairments had not been considered in the prior decision. Plaintiff points to records form her treating physicians in which depression is diagnosed. In response, defendant argues that the existence of a new impairment, by itself, does not avoid the presumption of continuing non-disability unless plaintiff establishes that her condition worsened. In support of this argument, defendant refers to Chavez, but does not provide a specific citation to the case.

In Lester, the Ninth Circuit concluded that the ALJ was precluded from applying administrative res judicata because the plaintiff had alleged a mental impairment in the second application which was not raised in the prior application or addressed in the ALJ's prior decision. See 81 F.3d at 828. Similarly, in Gregory, the Ninth Circuit rejected the application of administrative res judicata "[b]ecause Gregory's [subsequent] application raised the new issue of psychological impairments . . . ." 844 F.2d at 666. Defendant's reference to Chavez is unpersuasive because that case did not involve a new impairment. Rather, the Ninth Circuit concluded that res judicata did not apply because the plaintiff had attained advanced age following the first decision. See Chavez, 844 F.2d at 694.

Because the ALJ improperly applied administrative res judicata in this case, a remand is appropriate to allow the ALJ to consider plaintiff's claim without reference to any presumption of continuing non-disability based on findings from the prior decision.

///

///

///

B. **Consideration of Treating Physicians' Opinions**

Plaintiff's argument in its entirety is:

> . . . The treating physicians provided the claimant with medications for her depression indicating a mental impairment.

Plaintiff does not, however, say how the ALJ erred with respect to her treating physicians' assessments nor does she point to any portions of the record in support of her argument. Further, accepting that plaintiff does indeed have a mental impairment, the question is whether that impairment was severe such that it limited her ability to work. Again, plaintiff does not provide any argument or citation to the record on this point. In sum, plaintiff has not demonstrated that the ALJ erred with respect to her treating physicians' opinions.

C. **Plaintiff's Credibility**

Plaintiff argues that "[t]here is nothing in the record to support the ALJ's conclusion that the Claimant's testimony is not fully credible or that the claimant's daily activities evidenced an ability to engage in substantial gainful activity." As to plaintiff's credibility, the ALJ stated:

> According to the claimant, residual effects of breast cancer disable her. Her lymph nodes have been removed on the left side of her chest and she has been told not to lift with her left arm. She added that she experiences back pain, chest pain, and occasional sudden weakness. She also wrote that she has arthritis and has difficulty sitting for long periods and getting out of chairs. Standing or stooping for prolonged periods causes her to feel fatigued too. She also has daily pain in her left arm. Although she noted that some of the side effects that her mediation can cause, she did not note that she is experiencing any of these side effects.
>
> In her daily activities questionnaire, she noted that she sometimes has difficulty sleeping, although she takes no medication to help. She has problems undressing because . . . she has problems lifting her clothing over her head. Occasionally she cooks, but usually her husband prepares the meals and does the shopping. He also does all the driving. Her brother and husband help with the household chores. She is no longer able to do yard work. She added that when she bends down she feels as though she will pass out. Occasionally she listens to the radio and reads the newspaper. She added that she does not always like to be around the people and noise that occur at social functions. She also wrote that she sometimes needs help getting out of her car. She does attend church.

> Remembering, concentrating, and fatigue also cause limitations. Her husband's report is consistent with that of the claimant, although he added that she experiences strong chest pains and that her fingers and toes are numb. He opined that she may also have hepatitis and nerve problems. . . .
>
> The claimant's statements and those of her husband concerning her impairments and their continued impact on her ability to work are not entirely credible in light of discrepancies between their assertions and information contained in the documentary reports and the reports of the treating and examining practitioners. For example, her doctor has written that the claimant now has no symptoms related to her cancer or her medication.

The ALJ added:

> . . . [Plaintiff's treating physician] noted that the claimant denied that she had any current symptoms. Her treating physician concluded: "I believe she is still in complete remission from her stage 2 breast cancer but she is certainly at high risk." Later, her doctor added: "She has no symptoms related to her cancer. . . ."

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.

In this case, plaintiff has not demonstrated any error. In particular, it is clear from the ALJ's decision that he identified the testimony that was not considered credible and the portions of the record which undermined the testimony. For example, plaintiff's assertion that she cannot engage in gainful activity due to residual effects of her breast cancer is not supported by the conclusions reached by her treating physician, who indicated that plaintiff had no current symptoms and that her cancer was in complete remission.

### IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.  Specifically, the ALJ erred in applying administrative res judicata even though he acknowledged that the record contained new evidence not previously considered regarding mental impairments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross motion for summary judgment is denied;
3. This matter is remanded for further proceedings; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  August 29, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE